UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARK DANE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITEDHEALTHCARE INSURANCE COMPANY, UNITEDHEALTH GROUP, INC., AARP, INC., AARP SERVICES INC., and AARP INSURANCE PLAN,<br><br>Defendants. | Civil Action No. 3:18-cv-00792-SRU<br><br>**SEPTEMBER 17, 2018** |

## MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants UnitedHealthcare Insurance Company, UnitedHealth Group, Inc., AARP, Inc., AARP Services, Inc., and AARP Insurance Plan, hereby move before the Honorable Stefan R. Underhill in Courtroom 1 of the Brien McMahon Federal Building & United States Courthouse, 915 Lafayette Boulevard, Suite 410, Bridgeport, Connecticut 06604, for dismissal of all of the counts of Plaintiff Mark Dane's First Amended Complaint for failure to state a claim on which relief may be granted. Pursuant to Local Rule 7(a)(1), a memorandum of law in support of this motion, including the declarations of Donald A. Sheak and Jennifer B. Sokoler, is filed contemporaneously herewith. Defendants request oral argument on this motion.

As set forth in more detail in the accompanying memorandum of law, defendants make this motion on the following grounds:

- Plaintiff's core theory of liability—that the AARP royalty constitutes an unlawful "premium rebate"—fails as a matter of law, as the royalty cannot plausibly be characterized as an unlawful rebate within the meaning of Conn. Gen. Stat. § 38(a)-825

ORAL ARGUMENT REQUESTED

-2-

or D.C. Code § 31-2231.12;

- Plaintiff's "premium rebate" claim also conflicts with Connecticut's comprehensive system for regulating Medigap insurance rates and is barred by the filed rate doctrine;

- Plaintiff fails to plead adequately any element of a Connecticut Unfair Trade Practices Act ("CUTPA") or District of Columbia Consumer Protection Procedures Act ("CPPA") claim, as (1) the CPPA did not apply to the alleged conduct here; (2) he fails to allege the loss causation required to establish statutory standing under CUTPA or CPPA; and (3) he fails to plead any unlawful conduct prohibited under CUTPA or CPPA;

- Plaintiff's breach of contract, unjust enrichment, breach of the implied covenant of good faith and fair dealing, money had and received, conversion, and statutory theft claims also fail, as plaintiff does not plausibly allege the necessary elements of these claims;

- The Court should dismiss or stay plaintiff's claims under the doctrine of primary jurisdiction.

Accordingly, the First Amended Complaint should be dismissed in its entirety.

Dated: September 17, 2018 /s/ Brian D. Boyle
Brian D. Boyle

Brian D. Boyle (ct21913)
Meaghan VerGow (phv07971)
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C. 20006-4061
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
bboyle@omm.com
mvergow@omm.com

Jennifer B. Sokoler (phv09682)
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
jsokoler@omm.com

Theodore J. Tucci (ct05249)
Jean Tomasco (ct09635)
ROBINSON & COLE, LLP
280 Trumbull Street
Hartford, CT 06103
Telephone: (860) 275-8210
Facsimile: (860) 275-8299
ttucci@rc.com
jtomasco@rc.com

*Attorneys for Defendants
UnitedHealth Group, Inc. and
United Healthcare Insurance Company*

/s/ Noah M. Weissman
Noah M. Weissman

Noah M. Weissman (ct28473)
BRYAN CAVE LEIGHTON PAISNER LLP
1290 Avenue of the Americas
New York, New York 10104
Tel.: (212) 541-2000
Fax: (212) 541-1428
Email: nmweissman@bclplaw.com

*Attorneys for Defendants
AARP, Inc., AARP Services, Inc., and
AARP Insurance Plan*

4